FILED
SCRANTON

UNITED STATES DISTRICT COURT    JUN 1 5 2016
MIDDLE DISTRICT OF PENNSYLVANIA

PER _____
DEPUTY CLERK

JOSEPH COPPOLA,            :

         Petitioner,       :

                      :    CIVIL ACTION NO. 3:16-CV-1019

         v.              :

DAVID EBBERT, et al.,     :    (Judge Kosik)

         Respondents.    :

## ORDER

AND NOW, THIS 14th DAY OF JUNE, 2016, IT APPEARING TO THE COURT THAT:

[1] Petitioner, Joseph Coppola, filed a pleading, styled as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, on May 31, 2016 (Doc. 1), claiming that his federal bank robbery conviction in the District of Nevada is null and void;

[2] The action was referred to Magistrate Judge Martin C. Carlson;

[3] Upon screening, the Magistrate Judge issued a Report and Recommendation (Doc. 4), on June 3, 2016, recommending that the Court should either dismiss or transfer the petition to the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1404. Specifically, the Magistrate Judge found that Petitioner seeks habeas relief and has not made a showing that § 2255 is inadequate or ineffective and that the remedy afforded under habeas corpus is not an additional, alternative, or supplemental remedy to that prescribed under § 2255;

[4] Petitioner filed a "Notice of Default in Failing to Provide Timely Lawful Process and Opportunity to Cure," (Doc. 5) which the Court construes as objections to the Magistrate Judge's Report and Recommendation. In it, Petitioner seeks to object to the Court not acting within seventy-two (72) hours from the date his petition was filed. Petitioner further objects to the Magistrate Judge's authority over the instant action.

AND, IT FURTHER APPEARING THAT:

[5] When objections are filed to an R&R of a Magistrate Judge, we must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1); see also Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In doing so, we may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); Local Rule 72.31. Although our review is *de novo*, we are permitted to rely upon the Magistrate Judge's proposed recommendations to the extent we, in the exercise of sound discretion, deem proper. See United States v. Raddatz, 447 U.S. 667, 676 (1980); see also Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984). For the portions not objected to, the usual practice of the district court is to give "reasoned consideration" to a magistrate judge's report prior to adopting it. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987); and

[6] We have considered the Magistrate Judge's report, and we concur with his recommendation that the petition should be transferred to the District of Nevada, the sentencing court, for consideration as a petition to vacate sentence under 28 U.S.C. § 2255. We agree with the Magistrate Judge that Petitioner seeks habeas relief, and that proper venue to challenge his conviction and sentence lies with the District of Nevada. Therefore, pursuant to 28 U.S.C. § 1404, the Court will transfer the petition.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

[1] The Report and Recommendation of Magistrate Judge Martin C. Carlson dated June 3, 2016 (Doc. 4) is **ADOPTED**;

[2] Petitioner's petition for writ of habeas corpus (Doc. 1) is **TRANSFERRED** to the United States District Court for the District of Nevada as a petition to vacate sentence under 28 U.S.C. § 2255; and

[3] The Clerk of Court is directed to **CLOSE** this case and **FORWARD** a copy of this Order to the Magistrate Judge.

Edwin M. Kosik
United States District Judge